**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RODNEY HECKERT,

        Plaintiff,

vs.                                Case No.  2:07-cv-310-FtM-34SPC

2495 MCCALL ROAD CORP.;
SOUTHWEST FLORIDA BAKING
COMPANY, LLC; MARVIN KAPLAN,

        Defendants.

_____/

# ORDER[1]

**THIS CAUSE** is before the Court on Defendant, Marvin Kaplan's, Motion to Dismiss

Plaintiff's Complaint With Prejudice (Doc. No. 19; Motion to Dismiss), filed on June 13, 2007.

Defendant Kaplan moves the Court to dismiss Plaintiff's claim against him for lack of subject

matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure (Rule(s)), and

failure to state a claim, pursuant to Rule 12(b)(6). See Motion to Dismiss at 1.  On July 13,

2007, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 24;

Opposition).  Accordingly, the matter is ripe for disposition.

## I.  Procedural History

Plaintiff Rodney Heckert filed the Complaint in this action on April 26, 2007, alleging

violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C.

§§210, et seq. against Defendants Marvin Kaplan, Southwest Florida Baking Company

---

[1]    This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

(Southwest Florida Baking) and 2495 McCall Road Corporation (McCall Road) (collectively Defendants).[2]  See Complaint.  In the Complaint, Plaintiff alleges that in March 1996, Defendants hired him to work as a delivery driver and manager at Defendants' facilities located in Englewood, Florida.[3]  Id. ¶4.  Plaintiff continued to work for Defendants until he was terminated on December 31, 2005.  Id.  Plaintiff asserts that during his employment, "Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than the one and one-half time [sic] the regular rate at which he was employed for workweeks longer than forty (40) hours."  Id. ¶11.  Plaintiff maintains that he worked in excess of forty hours per week in "numerous weeks," but was not paid overtime for the hours worked.  Id.

According to Plaintiff, Defendants were all Plaintiff's "employers," as that term is defined by 29 U.S.C. §203(d).  Id. ¶¶5-6, ¶10.  Specifically, Plaintiff alleges that Defendants Southwest Florida Baking and McCall Road "comprised an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1)," id. ¶8, and "were joint employers of the Plaintiff as defined under 29 CFR §791.2(a)," id. ¶9.  In addition, as to the individual Defendant, Plaintiff maintains,

> Kaplan acted directly or indirectly in the interest of Defendants, 2495 McCall Road Corp. and Southwest Florida Baking, LLC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work and was an employer as defined by 29 U.S.C. §203(d).

---

[2]    The Complaint was originally filed in the Tampa Division of this Court on April 26, 2007.  See Complaint (Doc. No. 1) at 1.  On May 8, 2007, the Honorable Susan Bucklew entered an Order transferring the action to the Fort Myers Division of this Court.  See Order (Doc. No. 5).

[3]    The facts summarized are drawn from the allegations contained in Plaintiff's Complaint (Doc. No. 1; Complaint), filed on April 26, 2007.

Id. ¶10.  Based on these allegations, Plaintiff seeks monetary and liquidated damages, as well as attorney's fees and costs from Defendants.  See id. at 3.

On September 28, 2007, the parties submitted a Case Management Report (Doc. No. 28; Case Management Report), and on October 19, 2007, the Honorable Sheri Polster Chappell, United States Magistrate Judge, entered a Case Management and Scheduling Order (Doc. No. 29; Case Management Order) setting the deadlines for this case.  The Case Management Order established May 5, 2008, as the deadline for completing discovery and July 1, 2008, as the deadline for filing dispositive motions.  Case Management Order at 1. Prior to the entry of the Case Management Order, on June 13, 2007, Defendants McCall Road and Southwest Florida Baking served an answer to Plaintiff's Complaint, asserting a number of affirmative defenses.  See Defendants' Answer and Statement of Defenses to Plaintiff's Complaint (Doc. No. 18).  On the same date, Defendant Kaplan filed the instant Motion to Dismiss, to which he attached the Sworn Declaration of Marvin Kaplan in Support of His Motion to Dismiss the Complaint With Prejudice.  See Motion to Dismiss at 2; Exhibit A (Doc. No. 19-2; Kaplan Declaration).  On July 13, 2007, Plaintiff filed the Opposition, to which he attached the Sworn Declaration of Rodney Heckert in Opposition to Marvin Kaplan's Motion to Dismiss.[4]  See Opposition at 3; Exhibit A (Doc. No. 24-2; Heckert Declaration).

In the Motion, Defendant Kaplan contends that the claims against him should be dismissed pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief may be granted.  Motion to Dismiss at 1.  With

---

[4]  In the Opposition, Plaintiff represents that he has "submitted his own sworn statement which refutes the Defendant's assertions."  Opposition at 3.

regard to both of the asserted bases for dismissal, Defendant argues that Plaintiff has failed to allege facts which would establish that he was, in fact, Plaintiff's employer as that term is defined under the FLSA.  See id. at 5 n.2.  Plaintiff, on the other hand, asserts that all jurisdictional prerequisites have been met and that "it cannot be said that as a matter of law Marvin Kaplan does not qualify as an employer under the FLSA."  See Opposition at 4.  "At the very least," Plaintiff argues, "this Court should allow [him] to take discovery on the issue of Marvin Kaplan's day-to-day role in the operation of the businesses," and instead decide factual disputes at a later stage of the proceeding.  See id.

## II. Applicable Law

Before addressing Defendant's contentions, the Court will review the substantive law governing the issues raised by the Motion to Dismiss.  The FLSA was enacted "in order to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'"  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 2008 WL 220070, at *4 (11th Cir. Jan. 29, 2008) (quoting Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996)).  To accomplish those goals, 29 U.S.C. §207 requires employers to pay employees at a rate of time and a half their regular rate of pay for any hours the employee works in excess of a standard forty-hour work week. Perez, 2008 WL 220070, at *4 (citing 29 U.S.C. §207(a)(1)); see also Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1311 (11th Cir. 2007).  While the FLSA also provides for the imposition of liability for violations of its provisions, only an employer as defined in the statute may be held liable for such violations.  29 U.S.C. §207(a)(1); see also Perez, 2008 WL 220070, at *8 (noting that a defendant "cannot be held individually liable for violating the

4

overtime provision of the FLSA unless he is an 'employer' within the meaning of [29 U.S.C. §203]").

Section 203 of the FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Perez, 2008 WL 220070, at *8 (quoting 29 U.S.C. §203(d)).  "Whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" Perez, 2008 WL 220070, at *8 (quoting Hodgson v. Griffin & Brand, Inc., 471 F.2d 235, 237 (5th Cir. 1973)).  In a recent opinion, the Eleventh Circuit Court of Appeals recognized,

> the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986). However, we have also made clear that in order to qualify as an employer for this purpose, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.

Perez, 2008 WL 220070, at *8 (quoting Patel, 803 F.2d at 638) (internal quotation and alteration omitted).  While the question of whether a defendant is an employer as defined by the FLSA is one of law, the subsidiary findings that will drive that determination are most certainly issues of fact.  Patel, 803 F.2d at 634 n.1.

### III. Discussion

The Court first addresses Defendant Kaplan's assertion that it lacks subject matter jurisdiction over Plaintiff's claim against him, because is not an employer under the FLSA. See Motion to Dismiss at 7.  Federal courts are courts of limited jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (citation omitted).

> The basic grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, §1332 for 'diversity of citizenship' jurisdiction. A plaintiff properly invokes §1331 jurisdiction when []he pleads a colorable claim 'arising under' the Constitution or laws of the United States.

Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (internal alterations omitted).    The

Eleventh Circuit has recognized that "it is extremely difficult to dismiss a claim for lack of

subject matter jurisdiction." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d

1256, 1260 (11th Cir. 1997) (citing Simanonok v. Simanonok, 787 F.2d 1517, 1519 (11th Cir.

1986)).  Indeed, "the test of federal jurisdiction is not whether the cause of action is one on

which the claimant can recover.   Rather, the test is whether 'the cause of action is so

patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" SEC v.

Mut. Bens. Corp., 408 F.3d 737, 741 (11th Cir. 2005) (quoting McGinnis v. Ingram

Equipment Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc)).  As such, a motion to

dismiss for lack of subject matter jurisdiction will be granted only if the movant demonstrates

that the assertion of subject matter jurisdiction is "so insubstantial, implausible, foreclosed

by prior decisions of the [United States Supreme] Court, or otherwise completely devoid of

merit as not to involve a federal controversy." Oneida Indian Nation v. County of Oneida,

414 U.S. 661, 666 (1974); see also Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981).[5]

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be

founded on either a "facial" or "factual" challenge to the court's jurisdiction:

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding

---

[5]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> whether to grant the motion.  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

Morrison v. Amway, Corp., 323 F.3d 920, 924 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (internal citations omitted).  Where the existence of subject matter jurisdiction is properly challenged and turns on the resolution of contested facts, the Supreme Court and the Eleventh Circuit have recognized that the trial judge may review the evidence and resolve the factual disputes.  Arbaugh, 546 U.S. at 514; Morrison, 323 F.3d at 925.  Nonetheless, the Eleventh Circuit has cautioned that a district court should only rely on its Rule 12(b)(1) authority to weigh and determine contested facts if the facts necessary to establish jurisdiction do not implicate the merits of the plaintiff's claim. Morrison, 323 F.3d at 925 (quoting Garcia, 104 F.3d at 1261).  Thus, where the "defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action," the Eleventh Circuit has instructed that "the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." See McGinnis, 918 F.2d at 1494 (quoting Williamson, 645 F.2d at 415); see also Morrison, 323 F.3d at 925; Garcia, 104 F.3d at 1261.  Indeed, the Eleventh Circuit has acknowledged that

> [j]udicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.  This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides . . . a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion . . . .

Morrison, 323 F.3d at 925 (quoting Garcia, 104 F.3d at 1261).

7

In the Motion to Dismiss, Defendant presents a "factual" attack on the Court's subject matter jurisdiction by relying on the Kaplan Declaration attached to the Motion to Dismiss and arguing that it establishes that he was not an employer as defined by the FLSA.  See Garcia, 104 F.3d at 1261.   Defendant further asserts that the question of whether he was Plaintiff's employer for purposes of the FLSA determines both the Court's subject matter jurisdiction as well as the viability of Plaintiff's underlying claim.   Indeed, Defendant acknowledges that "the analysis [of] whether Kaplan is an 'employer' under the FLSA is identical under the jurisdictional challenge and the substantive challenge." Motion to Dismiss at 5 n.2.  Assuming *arguendo* that the determination of whether Defendant Kaplan is an employer under the FLSA could properly be construed as a challenge to the Court's subject matter jurisdiction,[6] the Court concludes that such a challenge is inextricably intertwined with the merits of Plaintiff's claim.  As such, the Court will assume that jurisdiction is established and determine whether the allegations of the Complaint are sufficient to withstand a motion to dismiss under Rule 12(b)(6).  See Morrison, 323 F.3d at 925; Garcia, 104 F.3d at 1261.

In ruling on a motion to dismiss for failure to state a claim, the Court "must accept the allegations set forth in the complaint as true." Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per

---

[6]     The Court notes that in Arbaugh, the Supreme Court concluded that the question of whether a defendant constitutes an employer covered by Title VII of the Civil Rights Act of 1964 is more aptly considered as an element of the plaintiff's claim rather than a jurisdictional threshold.  Arbaugh, 546 U.S. at 516.  Neither the Eleventh Circuit, nor, the Supreme Court has considered the issue in the context of the FLSA.  In light of the Court's resolution of the instant Motion to Dismiss, the undersigned need not address this question at this time.

curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).  Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face,"[7] <u>Bell Atlantic</u>, 127 S. Ct. at 1974.  The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1964-65 (internal quotations omitted); <u>see</u> <u>also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).

In the Motion to Dismiss, Defendant contends that Plaintiff's allegations are "conclusory" and "insufficient to establish that [he] is an employer subject to liability under the FLSA."[8]  <u>See</u> Motion to Dismiss at 3.  A review of the Complaint discloses that Plaintiff

---

[7]  Both the Motion to Dismiss and the Opposition cite <u>Parsons v. Nationwide Mut. Ins. Co.</u>, 889 F. Supp. 465, 468 (M.D. Fla. 1995) and <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) for the standard of review for a motion to dismiss: that a complaint should only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Motion to Dismiss at 2; Opposition at 2.  However, the Court notes that in <u>Bell Atlantic</u>, the Supreme Court clarified that to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.

[8]  Defendant also asserts that "the liberal notice pleading standard does not require a court to tolerate shotgun pleadings," suggesting that Plaintiff's Complaint is a "shotgun pleading."  <u>See</u> Motion to Dismiss at 5.  However, such an assertion is completely lacking in merit.  "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," such

has alleged that Defendant Kaplan is an employer subject to the provisions of the FLSA, who failed to compensate him at the appropriate rate for hours worked in excess of forty hours per week. Complaint ¶¶ 10-11. Plaintiff alleges that Defendant Kaplan "acted directly or indirectly in the interest of Defendants, [McCall Road] and [Southwest Florida Baking], in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work and was an employer as defined by 29 U.S.C. §203(d)." Id. ¶10. As noted above, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Perez, 2008 WL 220070, at *8 (alteration omitted). Upon consideration, the Court finds that the allegations in the Complaint, although not detailed, give Defendants fair notice of the grounds upon which Plaintiff's claim rests. Moreover, those allegations are sufficient "to state a claim that is plausible on its face" against Defendant Kaplan. See Bell Atlantic, 127 S. Ct. at 1974. Accordingly, the Court will not dismiss Plaintiff's claim against Defendant Kaplan on the grounds that Plaintiff's allegations are too conclusory to put Defendant's status as an employer under the FLSA at issue. See Rule 8(a) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief").

Defendant's argument further fails to the extent he attempts to direct the Court to factual assertions outside of the four corners of the Complaint. See Boyd v. Peet, 249 Fed. Appx. 155, 157 (11th Cir. 2007) (citing St. George v. Pinellas County, 285 F.3d 1334, 1337

---

that the responding party cannot reasonably be expected to draft a responsive pleading." Anderson v. District Bd. of Trustees of Cent. Fla. Community College, 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff's Complaint, which sets forth a single claim against three defendants, clearly alleging the basis on which Plaintiff claims each defendant is liable for his unpaid overtime wages under the FLSA, is anything but a shotgun pleading.

(11th Cir. 2002)).  In the Motion to Dismiss, Defendant asserts that he, in fact, "never had sufficient control or authority over the Plaintiff or his job duties to merit personal liability under the FLSA."  See Motion to Dismiss at 2.  Defendant cites Escobar v. Orlando Brewing Partners, Inc., 2005 WL 3288749, at *2 (M.D. Fla. Dec. 5, 2005) for the proposition that "where a corporate officer has no activity that is 'directly or indirectly in the interest of the corporate employer in relation to the employee,' personal liability does not lie."  Motion to Dismiss at 6 (alterations and emphasis omitted).  Defendant maintains that the reasoning of Escobar is "particularly dispositive in this case, as Marvin Kaplan did not take such an active roll in either [McCall Road] or [Southwest Florida Baking] that he can be held personally responsible for Plaintiff's claims under the FLSA."  Id. at 7.  As such, Defendant argues that he "should be dismissed from this case, as Plaintiff's allegations cannot, as a matter of law, give rise to individual liability against [him]."  See id. at 3.  However, Defendant ignores the fact that Escobar was decided at the summary judgment stage, and, as such, that the court's findings were based on its evaluation of the undisputed evidence submitted by both parties.  Escobar, 2005 WL 3288749, at *2.  Therefore, the Court determines that Escobar is inapposite to the issues before the Court on the Motion to Dismiss.

In ruling on a motion to dismiss, the Court accepts Plaintiff's allegations as true and limits its review to the pleadings and exhibits attached to those pleadings.  GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993).  Although Defendant acknowledges that "the court is required to view the Complaint in the light most favorable to the Plaintiff and accept all allegations as true," he nonetheless argues that the Court should disregard Plaintiff's allegations and accept as true Defendant's version of the facts as set forth in his

declaration.  See Motion to Dismiss at 5.  Where parties submit materials beyond the pleadings in support of a motion to dismiss, the Court may choose to accept and consider the extrinsic matters, thus converting the motion to dismiss to a motion for summary judgment.[9]  Rule 12(b); Jones v. Automobile Ins. Co., 917 F.2d 1528, 1531-32 (11th Cir. 1990); Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 414-415 (5th Cir. 1980).  In light of the procedural posture of this case, the conclusory nature of declarations submitted by both  Defendant Kaplan and Plaintiff, and the fact-intensive inquiry required, the Court declines to exercise its discretion to convert Defendant Kaplan's Motion to Dismiss to a motion for summary judgment.  See Dawkins v. Picolata Produce Farms, Inc., 2005 WL 3054054, at *2 (M.D. Fla. Nov. 15, 2005).  Therefore, the Court will not consider the affidavits submitted by either party for purposes of ruling on the Motion to Dismiss.[10]  See id.

Accordingly, the Court will accept as true the allegations of Plaintiff's Complaint and finds that they are sufficient to give Defendant Kaplan fair notice of Plaintiff's claim and further state a claim that raises "a right to relief above the speculative level" and, on its face, is certainly plausible.  The Motion to Dismiss is therefore due to be denied.

---

[9]    Matters outside the pleading include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for the pleadings." Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982) (quoting 5C Wright & Miller, Federal Practice & Procedure, §1366 (1969)).

[10]    The Court notes that even if it were to convert the motion to dismiss into a motion for summary judgment, the existence of genuine issues of material fact as to the nature of the employment relationship between the parties nonetheless precludes the dismissal of this case. See Garcia, 104 F.3d at 1266.

## IV. Conclusion

In light of the foregoing, it is hereby **ORDERED**:

Defendant, Marvin Kaplan's, Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. No. 19; Motion to Dismiss) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of February, 2008.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

lc5
Copies to:
Counsel of Record

13